IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES WILLIAM BROWN, § | | |
| BOP Register No. 13407-021, § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| V. § | No. 3:20-cv-3601-L-BN | |
| § | | |
| K. ZOOK, Warden, FCI Seagoville, § | | |
| § | | |
| Respondent. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Petitioner James William Brown, a federal inmate currently incarcerated in this district but convicted of child-pornography charges in the Southern District of Georgia, has filed a *pro se* Motion for Emergency Injunction under Section 2241 [Dkt. No. 3], to prevent the Federal Bureau of Prisons (BOP) from transferring him to FCI Peterburg "during the peak of an international pandemic" and to allow Brown to fully exhaust administrative remedies related to an altercation between Brown and another inmate at FCI Seagoville, so that Brown may file a separate 28 U.S.C. § 2241 petition related to the incident.

The Court has referred this action under 28 U.S.C. § 2241 to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Sam A. Lindsay.

"Federal courts are authorized, under 28 U.S.C. § 2243, to dispose of habeas corpus matters 'as law and justice require.'" *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987). Under that statute, "a district court [may] summarily dismiss a frivolous

habeas-corpus petition prior to any answer or other pleading by the government." *Gatte v. Upton*, No. 4:14-cv-376-Y, 2014 WL 2700656, at *1 (N.D. Tex. June 13, 2014) (footnote omitted). Similarly, the Rules Governing Section 2254 Cases in the United States District Courts "also apply to § 2241 habeas cases," *Romero v. Cole*, No. 1:16-cv-148, 2016 WL 2893709, at *2 & n.4 (W.D. La. Apr. 13, 2016) (collecting authority, including *Castillo v. Pratt*, 162 F. Supp. 2d 575, 576 (N.D. Tex. 2001)), *rec. accepted*, 2016 WL 2844013 (W.D. La. May 12, 2016), and provide that, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition," RULE 4, RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS.

First, "[n]o inmate has a constitutional right to be housed in a particular place or any constitutional right to early release." *Cheek v. Warden of Fed. Med. Ctr.*, ___ F. App'x ___, No. 20-10712, 2020 WL 6938364, at *3 (5th Cir. Nov. 24, 2020) (per curiam) (citing *Wottlin v. Fleming*, 136 F.3d 1032, 1037 (5th Cir. 1998); *Rublee v. Fleming*, 160 F.3d 213, 217 (5th Cir. 1998)). But

> "three statutes govern the *discretion* of the [BOP] to place inmates in particular facilities: 18 U.S.C. § 3621(b) grants the BOP the authority to designate places of confinement; 18 U.S.C. § 3624 (a part of the Second Chance Act of 2007) authorizes the BOP to provide post-imprisonment rehabilitation services in community corrections facilities; and 34 U.S.C. § 60541 (a part of the First Step Act of 2018) permits the BOP to grant prisoners who participate in reentry and skills development programs the maximum allowable period in a community corrections facilities. It also allows the BOP to place elderly prisoners in home confinement."

*Ward v. Bureau of Prisons*, No. 3:19-cv-770-D-BN, 2019 WL 1930025, at *2 (N.D. Tex. Apr. 2, 2019) (quoting *Burg v. Nicklin*, No. EP-19-CV-24-FM, 2019 WL 369153, at *2

(W.D. Tex. Jan. 29, 2019)), *rec. adopted*, 2019 WL 1924903 (N.D. Tex. Apr. 30, 2019).

> While the Second Chance Act and the First Step Act expand the BOP's authority to place prisoners, they do not vest placement authority in this Court. 18 U.S.C. § 3624(c)(2); 18 U.S.C. § 3621(b); *see United States v. McGimsey*, No. 3:11-CR-00069-TBR, 2019 WL 2396574, at *3 (W.D. Ky. June 6, 2019) (statutory language of § 3624(c)(2) as amended by the First Step Act "makes clear that the BOP's authority to release a prisoner to home confinement is discretionary"); *United States v. Yates*, No. 15-40063-01-DDC, 2019 WL 1779773, at *4 (D. Kan. Apr. 23, 2019) (BOP, not the courts, decides whether home detention is appropriate). Absent a court's modification to a sentence under § 3582(c), "discretion to release a prisoner to home confinement lies solely with the Attorney General [and BOP by delegation]." *Deffenbaugh v. Sullivan*, No. 5:19-HC-2049-FL, 2019 WL 1779573, at *1 (E.D.N.C. Apr. 23, 2019) (collecting authority); *see United States v. Lowe*, 1:15CR11-1, 2019 WL 3858603, at *2 (M.D.N.C. Aug. 19, 2019) (noting that, at most, the court could only compel BOP to consider whether a prisoner should be placed on home confinement).

*United States v. Smith*, No. 6:15-cr-00006-001, 2019 WL 4016211, at *2 (W.D. Va. Aug. 26, 2019).

And, while the Coronavirus Aid, Relief, and Economic Security Act (the CARES Act) – "the federal government's comprehensive response to the COVID-19 crisis" – further "expanded the BOP's authority under 18 U.S.C. § 3624(c)(2) to release prisoners from custody to home confinement," the CARES Act does not authorize a federal court to alter where a federal prisoner is confined, including ordering his release to home confinement. *United States v. Depron*, Crim. A. No. 14-59, 2020 WL 2308636, at *1 n.1 (E.D. La. May 8, 2020) (concluding that, even under Section 3642(c)(2), as amended by the CARES Act, "home confinement determinations rest with the BOP"); *see Cheek*, 2020 WL 6938364, at *3 ("It is not for a court to step in and mandate home confinement for prisoners, regardless of an international

pandemic.").

Further, "vested authority in the BOP might not wholly eliminate a court's role in" prisoner-placement decisions – for example, "[a] challenge to the BOP's or Attorney General's interpretation of the statute would make judicial review appropriate." *Cheek*, 2020 WL 6938364, at *3 (citing *Melot v. Bergami*, 970 F.3d 596, 599-600, 600 (5th Cir. 2020)). But Brown does not challenge the interpretation of a statute. Citing the COVID-19 pandemic and his alleged comorbidities, he instead moves the Court to block the BOP's decision to transfer him. This the Court cannot do.

Nor should the Court accept Brown's argument that he must remain at FCI Seagoville to complete the administrative exhaustion process. Federal prisoners are commonly transferred between facilities while they pursue administrative remedies under 28 C.F.R. §§ 542.10-542.19, and, while a transfer could cause some administrative hiccups, it does not prevent a prisoner from exhausting his available administrative remedies. *See, e.g.*, *Pichardo v. Hanson*, No. 1:15-cv-118-O, 2017 WL 1837092 (N.D. Tex. May 8, 2018); *see also Sanchez v. Fed. Bureau of Prisons*, No. 3:05-cv-2376-K, 2005 WL 3555465, at *2 (N.D. Tex. Dec. 19, 2005) ("Plaintiff's claims that Defendants should be enjoined from transferring him to another facility are without merit. Under 18 U.S.C. § 3621(b), the BOP may direct confinement of a prisoner in any available facility and may transfer a prisoner from one facility to another at any time. Federal prisoners generally have no constitutional right to placement in a particular penal institution." (citations omitted)), *rec. adopted*, 2005 WL 3560624

(N.D. Tex. Dec. 27, 2005).

It therefore plainly appears that Brown is not entitled to relief on the Section 2241 habeas claims he brings.

**Recommendation**

The Court should summarily dismiss this action with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 10, 2020

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE