IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **JAMES WILLIAM BROWN,** § <br> **BOP Register No. 13407-021,** § <br> § <br> Petitioner, § <br> v. § <br> § <br> **K. ZOOK, Warden, FCI Seagoville**, § <br> § <br> Respondent. § | Civil Action No. **3:20-CV-3601-L-BN** |

# ORDER

The Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 4) was entered on December 10, 2020, recommending that the court deny Petitioner's Motion for Emergency Injunction Under Section 2241 (Doc. 3), filed December 9, 2020, and dismiss with prejudice this habeas action brought pursuant to 28 U.S.C. § 2241 because the relief sought by Petitioner—an order preventing the Federal Bureau of Prisons from transferring him from FCI Seagoville to another facility "during the peak of an international pandemic" and before he exhausts his administrative remedies in violation of the Eighth Amendment to the Constitution— is not a valid basis for relief under section 2241. Report 1. The Report explains that "[n]o inmate has a constitutional right to be housed in a particular place or any constitutional right to early release." *Id.* at 2 (citations omitted). No objections to the Report were received as of the date of this order.

Having considered Petitioner's Motion for Emergency Injunction Under Section 2241 (Doc. 3), which the court liberally **construe**s as a habeas petition for relief under section 2241, the file, record in this case, and Report, the court determines that the findings and conclusions of the

**Order – Page 1**

magistrate judge are correct, and **accepts** them as those of the court.  Accordingly, the court **denies** Petitioner's Motion for Emergency Injunction Under Section 2241 (Doc. 3), **dismisses with prejudice** this action, and **directs** the clerk of the court to terminate all pending motions in this case.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **denies** a certificate of appealability.[*]  The court determines that Petitioner has failed to show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling."  *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).  In support of this determination, the court **accepts and incorporates** by reference the Report.  In the event that Petitioner files a notice of appeal, he must pay the $505 appellate filing fee or submit a motion to proceed *in forma pauperis* on appeal.

**It is so ordered** this 22nd day of January, 2021.

Sam A. Lindsay
United States District Judge

---

[*] Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:

**(a)    Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

**(b)    Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.